FILED
CLERK
3:02 pm, Dec 05, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FIRST MERCURY INSURANCE COMPANY,

                Plaintiff,

      -against-

LAW OFFICE OF KENNETH B. SCHWARTZ,
KENNETH B. SCHWARTZ, P.C., KENNETH B.
SCHWARTZ and HELENE STETCH,

                Defendants.
------------------------------------------------------------X

**ORDER**
17-CV-1763(SJF)(AKT)

FEUERSTEIN, District Judge:

Pending before the Court are the objections of plaintiff First Mercury Insurance Company ("plaintiff") to so much of the Report and Recommendation of the Honorable A. Kathleen Tomlinson, United States Magistrate Judge, dated March 1, 2019[1] ("the Report"), as amended by order dated March 6, 2019, as recommends: (i) denying the branch of its motion seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on its claim for a declaratory judgment that it has no duty to defend defendants Law Office of Kenneth B. Schwartz, Kenneth B. Schwartz, P.C., and Kenneth B. Schwartz (collectively, the "Schwartz Defendants") in the underlying state court action commenced against them by Mathew Johnson in the Supreme Court of the State of New York, Bronx County, on or about March 27, 2013 (the "Johnson Action"), and granting the branch of the Schwartz Defendants' cross motion seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure declaring that

---

[1] On March 28, 2019, the deadline for filing objections to the Report was held in abeyance pending a determination of a motion to intervene made by MetLife Home Loans, LLC. By order dated September 4, 2019, Magistrate Judge Tomlinson denied the motion to intervene. The parties were ultimately granted until November 8, 2019 to file objections to the Report. Only plaintiff filed timely objections to the Report. The Schwartz Defendants did not file timely objections to the Report, nor a timely response to plaintiff's objections. *See* Fed. R. Civ. P. 72(b)(2) Plaintiff's application to strike the Schwartz Defendants' untimely response, (Docket Entry 68), is granted to the extent that the Court declines to consider any untimely objections to the Report's findings and conclusions in the Schwartz Defendants' response to plaintiff's objections.

1

plaintiff's duty to defend them in the Johnson Action remains in effect; (ii) denying the branches of plaintiff's motion and the Schwartz Defendants' cross motion seeking a declaratory judgment with respect to plaintiff's duty to indemnify the Schwartz Defendants in any of the three (3) underlying actions as premature; (iii) in effect, denying the branch of plaintiff's motion seeking summary judgment on its claim for reimbursement from the Schwartz Defendants of any and all defense costs it incurred in the Johnson Action after its disclaimer of coverage; and (iv) granting the branch of the Schwartz Defendants' cross motion seeking summary judgment on their claim for reimbursement from plaintiff of attorney's fees and costs to the extent of ordering plaintiff to reimburse the Schwartz Defendants for one third (1/3) of the attorney's fees and costs they incurred in defending the instant action to date. For the reasons set forth below, the Report is modified as set forth below and is otherwise accepted in its entirety.

I. Discussion

    A. Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no specific, timely objection has been made, the district judge need only be satisfied that there is no clear error

apparent on the face of the record. *See* Fed. R. Civ. P. 72(b); *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000) (a court may review a report to which no timely objection has been interposed to determine whether the magistrate judge committed "plain error.")

However, general objections, or "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke de novo review." *Owusu v. New York State Ins.*, 655 F. Supp. 2d 308, 312-13 (S.D.N.Y. 2009) (quotations, alterations and citation omitted); *see also Trivedi v. New York State Unified Court Sys. Office of Court Admin.*, 818 F. Supp. 2d 712, 726 (S.D.N.Y. 2011), *aff'd sub nom Seck v. Office of Court Admin.*, 582 F. App'x 47 (2d Cir. Nov. 6, 2014) ("[W]hen a party makes only conclusory or general objections [] the Court will review the Report strictly for clear error.[] Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal." (quotations, alterations and citation omitted)). Any portion of a report and recommendation to which no specific timely objection is made, or to which only general, conclusory or perfunctory objections are made, is reviewed only for clear error. *Owusu*, 655 F. Supp. 2d at 312-13; *see also Bassett v. Electronic Arts, Inc.*, 93 F. Supp. 3d 95, 100-01 (E.D.N.Y. 2015).

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

B.     Plaintiff's Objections

Plaintiff contends, *inter alia*, the Magistrate Judge Tomlinson erred: (i) in "overlook[ing] the precise language of the exclusion, barring covering [sic] for 'any "claim" arising out of conversion, misappropriation or improper commingling of client funds[,]'" (the "Conversion Exclusion") (Plf. Obj. at 11-12) (emphasis omitted); (ii) in "improperly focus[ing]" her conclusion that the Conversion Exclusion does not relieve plaintiff of its duty to defend in the Johnson Action and the Persuad Action "on the classification of the breach of contract and legal malpractice causes of action in [those actions], rather than on whether the acts comprising those claims 'arose out of' conversion, misappropriation or improper commingling of client funds," (*id.* at 14-15); (iii) in determining that the exclusion barring coverage for "any claim that results in any final judgment or final adjudication against any insured based upon or arising out of any criminal, dishonest, fraudulent or malicious act" (the "Final Judgment Exclusion") is ambiguous, (*id.* at 15-16) (emphasis omitted); (iv) in purportedly overlooking both "nationwide precedent that guilty pleas are equivalent to convictions by trial and are, therefore, not distinct from a final adjudication on the merits[,]" (*id.* at 17), and "the fact that Schwartz's sentencing is a final adjudication against [him] 'based upon or arising out of' a dishonest wrongful act[,]" (*id.* at 20); (v) in relying upon the case *Maiello v. Kirchner*, 98 A.D.3d 481 (N.Y. App. Div. 2012), in support of her determination that the Final Judgment Exclusion "does not abrogate [plaintiff's] duty to defend the Schwartz Defendants in the Johnson and Persuad Actions," (Plf. Obj. at 17, 19); and (vi) in determining that the branch of plaintiff's motion seeking summary judgment on its claim that it has no duty to indemnify the Schwartz Defendants in any of the three (3) underlying actions is premature, since she found that plaintiff has no duty to defend them in the Dos Ramos and Persuad Actions. (*Id.* at 20). Plaintiff also generally objects to Magistrate Judge

4

Tomlinson's findings: (i) that it is obligated to reimburse the Schwartz Defendants for one third of the attorney's fees and costs they incurred in defending this action to date; and, (ii) in effect, that the Schwartz Defendants are not obligated to reimburse plaintiff for the costs it expended to defend the Johnson Action, based solely upon its contention that Magistrate Judge Tomlinson erred in finding that plaintiff is obligated to defend the Johnson Action. No other specific error is attributed to such findings. In addition, plaintiff contends that the Schwartz Defendants "should be ordered to remit payment of the $15,000.00 of the allegedly unpaid deductible under the Policy," (*id.* at 22), the determination of which Magistrate Judge Tomlinson deferred to the undersigned.

Upon consideration of plaintiff's objections and the Schwartz Defendants' responses thereto, and *de novo* review of the findings and conclusions in the Report to which plaintiff specifically objects, as well as all motion papers and the entire record, (i) plaintiff's objection to so much of the Report as finds that a declaratory judgment on the issue of its duty to indemnify the Schwartz Defendants in the Dos Ramos and Persuad Actions is premature is sustained; (ii) the Report is modified to reflect that a declaratory judgment with respect to plaintiff's duty to indemnify the Schwartz Defendants in the Johnson Action is premature, but since there is no duty to defend the Schwarz Defendants in the Dos Ramos and Persuad Actions, there is also no duty to indemnify them in those actions, *see, e.g. Morales v. Valley Stream Union Free Sch. Dist. 24*, No. 18-cv-3897, 2019 WL 5874136, at * 5 (E.D.N.Y. Aug. 14, 2019), *report and recommendation adopted*, 2019 WL 4253975 (E.D.N.Y. Sept. 9, 2019) (citing *ABC, Inc. v. Countrywide Ins. Co.*, 308 A.D.2d 309, 311, 764 N.Y.S.2d 244, 247 (N.Y. App. Div. 2003)); and (iii) plaintiff's remaining objections are overruled and the Report is otherwise accepted in its entirety.

The Court declines to order defendant Schwartz "to remit payment of the $15,000.00 of the allegedly unpaid deductible under the Policy," (Plf. Obj. at 22), since, *inter alia*, plaintiff did not seek such relief in its pleadings.[2] Plaintiff first claimed that Schwartz owes the deductible under the subject Policy in its memorandum of law in support of its motion for summary judgment, (Plf. Mem. at 23), and never sought leave to amend its complaint.

C. Remainder of Report

There being no clear error on the face of the Report with respect to the findings and conclusions of Magistrate Judge Tomlinson to which no specific timely objections are interposed, those branches of the Report are accepted in their entirety. Accordingly, for the reasons set forth herein and in the Report, (i) plaintiff's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted to the extent that judgment shall be entered in favor of plaintiff declaring: (a) that plaintiff has no duty under the subject Policy to defend or indemnify the Schwartz Defendants from any claims, liabilities, causes of action, or damages which are the subject of the Dos Ramos Action and the Persuad Action, (b) that plaintiff may withdraw from providing a defense to the Schwartz Defendants in the Dos Ramos Action and the Persuad Action, and (c) that plaintiff is entitled to reimbursement from the Schwartz Defendants for reasonable defense costs it incurred in connection with the Dos Ramos Action and the Persuad Action subsequent to the date of its disclaimer of coverage, and plaintiff's motion is otherwise denied; and (ii) the Schwartz Defendants' cross motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted to the

---

[2] Moreover, according to the Schwartz Defendants, defendant Schwartz filed for a Chapter 7 Bankruptcy in 2012 and received a general discharge in October 2013. (Schwartz Defendants' Response to Plaintiff's Objections at p. 5 n. 1 [citing 11 U.S.C. § 525] and Ex. B).

6

extent that judgment shall be entered in favor of the Schwartz Defendants' declaring: (a) that plaintiff's duty to defend the Schwartz Defendants in the Johnson Action remains in effect, and (b) that plaintiff is obligated to reimburse the Schwartz Defendants for one third (1/3) of the reasonable attorney's fees and costs they incurred in defending the instant action to date, and the Schwartz Defendants' cross motion is otherwise denied.

II.	Conclusion

For the reasons set forth above, plaintiff's objection to so much of the Report as finds that a declaratory judgment on the issue of its duty to indemnify the Schwartz Defendants in the Dos Ramos and Persuad Actions is premature is sustained, and that part of the Report is modified to the extent set forth herein; plaintiff's remaining objections are overruled; and the Report is otherwise accepted in its entirety. Accordingly, for the reasons set forth herein and in the Report, (i) plaintiff's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted to the extent that judgment shall be entered in favor of plaintiff declaring: (a) that plaintiff has no duty under the subject Policy to defend or indemnify the Schwartz Defendants from any claims, liabilities, causes of action, or damages which are the subject of the Dos Ramos Action and the Persuad Action, (b) that plaintiff may withdraw from providing a defense to the Schwartz Defendants in the Dos Ramos Action and the Persuad Action, and (c) that plaintiff is entitled to reimbursement from the Schwartz Defendants for defense costs it incurred in connection with the Dos Ramos Action and the Persuad Action subsequent to the date of its disclaimer of coverage, and plaintiff's motion is otherwise denied; and (ii) the Schwartz Defendants' cross motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted to the extent that judgment shall be entered in favor of the

Schwartz Defendants' declaring: (a) that plaintiff's duty to defend the Schwartz Defendants in the Johnson Action remains in effect, and (b) that plaintiff is obligated to reimburse the Schwartz Defendants for one third (1/3) of the reasonable attorney's fees and costs they incurred in defending the instant action to date, and the Schwartz Defendants' cross motion is otherwise denied. The Clerk of the Court shall enter judgment in accordance with this Order and close this case.

SO ORDERED.

                                                      /s/ *Sandra J. Feuerstein*
                                                     Sandra J. Feuerstein
                                                     United States District Judge

Dated: December 5, 2019
       Central Islip, New York